[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12350
Non-Argument Calendar
_____

D. C. Docket No. 06-00290-CV-HS-S

JAMES FAIRRIS,

Plaintiff-Appellant,

versus

BESSEMER, City of,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(October 25, 2007)**

Before DUBINA, CARNES, and HILL, Circuit Judges.

PER CURIAM:

The sole issue in this case is whether the City of Bessemer, Alabama (City),

employee James Fairris is exempt from the overtime compensation requirements of

the Fair Labor Standards Act (FLSA), 29 U.S.C. § 213(a)(1), either on the basis that he is a professional employee or an administrative employee.[1] The district court found that Fairris, based upon all the undisputed evidence, was exempt under the FLSA as an administrative employee, and, as a result, not entitled to overtime compensation under the FLSA.[2] It granted the City's motion for summary judgment and denied Fairris' motion for summary judgment.

Fairris was the environmental coordinator for Bessemer Utilities, operated by City. He was paid an annual salary. However, from 1995 to 2005, in addition to his salary, he was paid "straight-time overtime," for hours worked over forty hours per work week, based upon an hourly calculation. An independent audit determined Fairris was not entitled to straight-time overtime as he was an exempt employee under the FLSA. Thereafter, Fairris filed suit and this appeal follows.

The FLSA requires that employees must be compensated at a rate of time-and-a-half for hours worked in excess of forty hours during the course of a week. However, the FLSA provides an exemption from the payment of overtime for "any employee, employed in a bona fide, executive, administrative or professional capacity." *See* 29 U.S.C. § 213(a)(1). The employer carries the burden of proving

[1] Both parties and the district court found that the material facts of the case were not in dispute and could be disposed of on summary judgment.

[2] The district court found that Fairris did not meet the exemption as a professional employee.

2

the exemption, and the overtime exemption provisions of the FLSA are narrowly construed against the employer. *See Jefferey v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995).

We have thoroughly reviewed the record in this case and the arguments of counsel in the briefs. In a detailed opinion, the district judge granted the City's motion for summary judgment. In doing so, the district judge explored several issues touching upon the overtime exemptions of the FLSA.

We affirm the judgment of the district court, granting the City's motion for summary judgment based upon the well-reasoned conclusion of the district judge that the administrative exemption of the FLSA applies. We express no opinion as to the district judge's resolution of other exemptions because they are not before us.

**AFFIRMED.**